IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RONALD REEVES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 1:13-cv-69-WHA |
| ) | (WO) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

This cause is before the court on a Motion to Dismiss (Doc. #47) filed by the United States of America.

The United States is a party in this case because it has been substituted for its employee, William Singer. In his Complaint, the Plaintiff, Ronald Reeves ("Reeves"), alleges as follows:

> William Singer, ACLC Deputy Director, Department of the Army, went to Don Donley, Director of Quality Control and Ethics Officer for "The Company" along with one of the alleged victims of the sexual harassment complaint and her husband, Jeffery Barnett. That in this meeting William Singer told Don Donley, "These are the facts as we know it; the ball is in your court. Deal with it", referring to Ronald Reeves.

Complaint at ¶ 12.

In response to the Complaint, the United States filed a Notice of Substitution (Doc. #46) and attached a certification of the United States Attorney for the Middle District of Alabama that William Singer ("Singer") was acting within the scope of his employment with the United States during the events in question. Under 28 U.S.C. § 2679(d)(1), upon the Attorney General's certification of scope of employment, the pending action "shall be deemed an action against the United States ..., and the United States shall be substituted as the party defendant."

The United States subsequently filed its Motion to Dismiss seeking dismissal for lack of jurisdiction based on sovereign immunity and failure to exhaust administrative remedies.  The United States also contends the claim against it is due to be dismissed for failure to state a claim and because it is barred by the statute of limitations.

This is not the first Motion to Dismiss to be decided by this court in this case.  This court has previously entered a Memorandum Opinion and Order dismissing Labor Management Relations Act ("LMRA") claims against other Defendants based on the defense of the statute of limitations.  (Doc. #51).   In granting those previous Motions to Dismiss, the court considered and rejected an argument raised by Reeves that Reeves was unaware of the facts giving rise to his claim until after he was forced to resign his employment, so his claims are not barred by the statute of limitations.   Reeves has advanced the same argument in response to the United States' invocation of the statute of limitations defense by contending that he was not aware of the role of Singer in this case until the deposition of Jeffery Barnett in August of 2012.  Upon review of that argument, the court again concludes, based on the same reasoning used in disposing of the previous claims (Doc. #51 at p. 8), that Reeves knew whether or not he was guilty of sexual harassment at the time he was allegedly wrongly accused of sexual harassment, so that any claim based on Singer's actions leading to a false accusation of sexual harassment is barred by the applicable statute of limitations.  *See Benson v. Gen. Motors Corp.*, 716 F.2d 862, 864 (11th Cir. 1983) (stating that in determining when the statute of limitations begins to run the court looks to when the plaintiff should have been aware of the injury itself).[1]

---

[1] The United States has applied the Federal Tort Claims Act two-year statute of limitations, and Reeves has applied the six month LMRA statute of limitations, but the analysis of when the statute accrued is the same in this case.  *See Chasteen v. United States*, 334 F. App'x

In addition to the statute of limitations and failure to state a claim[2] defenses raised here, there is an additional issue presented in that the Plaintiff does not concede that the United States was properly substituted as a party in this case.

After the Attorney General's certification of scope of employment, a plaintiff who contends that the employee was not acting within the scope of his federal employment bears the burden of proof.  *See Flohr v. Mackovjack*, 84 F.3d 386, 390 (11th Cir. 1996).   The question of whether an employee's conduct was within the scope of his employment "is governed by the law of the state where the incident occurred."  *Id.*

In this case, Reeves has argued merely that because Singer's job duties included aircraft maintenance, not meeting with employees of Army Fleet Support on personnel issues, Singer was not acting within the line and scope of his employment.  That contention is not sufficient to show that Singer was not acting within the scope of his employment under Alabama law, however, because Reeves has not shown that Singer was "impelled by motives that are wholly personal, or to gratify his own feelings or resentment . . . ."  *Perry v. United States*, 936 F. Supp. 867, 875 (S.D. Ala. 1996) (quoting *Doe v. Swift*, 570 So. 2d 1209, 1211 (Ala. 1990)).  Therefore, Reeves has failed to meet his burden of proof to show that the United States was not properly substituted as a party.  "An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the

---

271, 273 (stating "[g]enerally, the FTCA statute of limitations period begins to run when the plaintiff is injured.").

[2] The United States asserts, and the court agrees, that the allegation that Singer accompanied an alleged victim and her husband to refer a harassment complaint does not state a claim for violation of any law.

negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency . . . ." 28 U.S.C. § 2675(a).  Reeves having failed to exhaust his administrative remedy, this court lacks jurisdiction over the claim against the United States.

Accordingly, it is hereby ORDERED as follows:

1.  The Motion to Dismiss (Doc. #47) is GRANTED for lack of subject matter jurisdiction over claims against the United States based on the failure to exhaust administrative remedies.

2.  Alternatively, if the United States was not properly substituted as a party, the Motion to Dismiss is GRANTED on the grounds that the claim is barred by the statute of limitations and that Reeves has failed to state a claim against Singer.

DONE this 4th day of June, 2013.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE